UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOANNE CRETNEY-TSOSIE, et al.,<br><br>         Plaintiffs,<br> v.<br>CREEKSIDE HOSPICE II, LLC, et al.,<br><br>         Defendants. | Case No. 2:13-cv-00167-APG-PAL<br><br>ORDER<br><br>(Mot Stay Disc – Dkt. #74) |

   The court conducted a hearing on April 28, 2015, on Defendants' Motion to Stay Discovery and for Alternative Discovery Plan (Dkt. #74). L. Timothy Terry, Mark Kemberling, and AUSA Roger Wenthe appeared in person, and Juliet Berger-White, AUSA Jenelle Beavers and AUSA Kavitha Babu appeared telephonically—all on behalf of the Plaintiffs. Charles McCrea, Kathleen McDermott, Howard Young and John Cosgriff appeared on behalf of the Defendants. The court has considered the Motion (Dkt. #74), Plaintiffs' Opposition (Dkt. #78), Defendants' Reply (Dkt. #79), the pending Motion to Dismiss (Dkt. #65), the Defendants' Responses to Motion to Dismiss (Dkt. ##71, 73), and the arguments of counsel at the hearing.

   Having reviewed and considered the moving and responsive papers and the arguments of counsel, the court finds that the Defendants have not met their burden of establishing a stay should be imposed while the motion to dismiss is under submission to the district judge. The parties have agreed to mediation on May 18, 2015, and have informally agreed not to initiate discovery before June 1, 2015, until determining whether this case can be resolved. The court sincerely appreciates the parties' efforts to resolve this case by private mediation. However, after taking a "preliminary peek" at the pending motion to dismiss the court is not convinced that the Plaintiffs will be unable to state a claim or that the motion will dispose of the entire case if granted.

1    The governments propose to limit its discovery to a random statistically valid sample of
2 less than 200 of the more than 3200 patients served by Creekside from 2010 to 2013.  The
3 Defendants do not agree that the Plaintiffs can prove their claims by presenting   extrapolation
4 evidence.  The parties have engaged in extensive pre-intervention discovery in the past two years
5 and agreed the document discovery should not be duplicated.

6    The court advised counsel for both sides that the requirements of Rule 26(g) would be
7 strictly enforced, and that the court would supervise discovery in this case to accomplish the just,
8 speedy and inexpensive determination of this action limiting discovery where appropriate.  The
9 court will also conduct regular status and dispute resolution conferences to avoid the time
10 consuming and expensive briefing of discovery disputes.

11    Having reviewed and considered the matter,

12    **IT IS ORDERED** that:

13    1. The Defendants' Motion to Stay Discovery and for Alternative Discovery Plan (Dkt.
14        #74) is **DENIED**.
15    2. The following discovery plan and scheduling order deadlines shall apply:
16        a. Last date to exchange Fed. R. Civ. P. initial disclosures: **April 30, 2015.**
17        a. Last date to amend pleadings and add parties: **June 26, 2015.**
18        b. Last date to complete fact discovery and file fact discovery motions: **September
19           30, 2015.**
20        c. Last date to designate Plaintiffs' expert and submit experts' reports: **December
21           18, 2015.**
22        d. Last date to designate Defendants' experts and submit experts' reports: **January
23           18, 2016.**
24        e. Last date to file interim status report: **February 24, 2016.**
25        f. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **February 24,
26           2016.**
27        g. Last date to complete expert discovery: **April 30, 2015.**
28        h. Last date to disclose rebuttal experts:  **April 30, 2016.**

1        i.    Last date to file dispositive motions: **July 15, 2016.**

       j.    Last date to file joint pretrial order: **August 12, 2016.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

3. The parties shall be permitted to take up to 30 depositions per side.

4. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

5. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be received no later than **September 9, 2015,** and shall fully comply with the requirements of LR 26-4.

6. A status conference is scheduled for **10:00 a.m., June 30, 2015**. The parties shall file a joint status report no later than **June 26, 2015 which advises the court whether a settlement has been reached and, if so, when the agreement will be finalized and a stipulation to dismiss filed. If the parties have been unable to settle the joint status report shall address any issues which require the court's intervention and state the parties' respective positions with sufficient specificity to enable the court to decide the matter without the necessity of formal briefing.**

DATED this 28th day of April, 2015.

                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE